CATHERINE CONLEY, administratrix, *vs.* CITY OF PORTLAND.

Cumberland.    Opinion April 7, 1886.

*Master and servant.   Fellow servant.*

A city is not liable for an injury to a laborer employed in constructing a sewer, when caused by the carelessness of one who had the oversight and direction of the work.

ON REPORT.

This was an action by the administratrix of James Conley who was seriously injured while employed in constructing a sewer on Adams street in Portland, August 31, 1883. While thus employed a large quantity of earth fell upon him producing injuries which caused his death in a few minutes. This action was for damages for that injury, alleged to have been caused by the carelessness of the man who was the overseer and manager of the work.

*Harvey D. Hadlock*, for the plaintiff.

It is a general principle of law, founded in reason, that when one suffers an injury by the neglect of any duty owing to him, which rests upon another, the person injured has his action.

This doctrine applies not only to individuals, but to corporations, and it obliges such corporations to respond to such action, though such action be not expressly given by statute. 2 Dillon, Municipal Corp. § 761.

The rule of law is a general one, that the superior or employer must answer civilly for the negligence or want of skill of his agents or servants in the course of his employment, by which another is injured.

Municipal corporations, under the conditions herein stated, fall within the operation of this rule of law. 2 Dillon, § 766.

It may be observed that when it is sought to render a municipal corporation liable for the act of servants, or agents, a cardinal inquiry is whether they are the servants or agents of the corporation. If the corporation appoints or elects them, and can control them in the discharge of their duties, then they are the agents or servants of the corporation. 2 Dill. Mun. Corp. § 772.

Corporations act through agents, and are liable when the agents inflict an injury while in the performance of some corporate duty. 2 Thompson on Neg. 888.

Somers was the superintendent appointed by the defendant for the construction of the drain, and his negligence towards the plaintiff's intestate was the negligence of the defendant corporation. Wharton on Negligence, § 232, p. 220.

The act of the corporation, described in the plaintiff's writ, was not an act done by it in its sovereign capacity, and thus in the construction of a sewer, if the act be so negligently performed that the plaintiff is injured by reason of such negligence, he may recover his damages. *Donohue* v. *New York*, 3 Daly, 65; *Jacksonville* v. *Lambert*, 62 Ill. 519; *Merrifield* v. *Worcester*, 110 Mass. 216; *Wendell* v. *Mayor, &c. of Troy*, 4 A. C. C., N. Y. App. Dec. 563.

And while a municipality is not liable for collateral injuries

from the exercise of its lawful authority, it is otherwise, as to special damages caused by negligence in the construction or repairs of its public works. *Allentown* v. *Kramer*, 73 Pa. St. 406; 1 Hill, N. Y. 550; 17 Grat. 375; 21 Cal. 113; 31 Ala. 469; 13 B. & M. 559; *Dayton* v. *Pease*, 4 Ohio, 100; *Murphy* v. *Lowell*, 124 Mass. 564; *Hill* v. *Boston*, 122 Mass. 344; *Emery* v. *Lowell*, 104 Mass. 13; *Child* v. *Boston*, 4 Allen, 41; *Toledo* v. *Cone*, 41 Ohio; 5 Am. & Eng. Corp. Cases, 624.

The principles of law regarding the doctrine of *respondeat superior*, in its application to municipal corporations, are well sustained. *Barnes* v. *District of Columbia*, 91 U. S. 540; *Rowell* v. *Williams*, 29 Iowa, 210; *Van Fleet* v. *Davenport*, 47 Iowa, 97; *Russell* v. *Mayor, etc. of New York*, 2 Denio, 461; *Tone* v. *Mayor, etc. of New York*, 70 New York, 157; *Ham* v. *Mayor, etc. of New York*, 70 New York, 459; *New York, etc. Company* v. *Brooklyn*, 71 N. Y. 580; *Campbell* v. *Montgomery*, 53 Ala. 527; *Chicago* v. *Janey*, 60 Ill. 431; *Chicago* v. *Dermody*, 61 Ill. 431; Wood on Master and Servant, § 459; *Aldrich* v. *Tripp*, 11 R. I. 141; *Moulton* v. *Scarborough*, 71 Maine, 267.

The defendant corporation was the master, and the superintendent employed by that master had power to employ and discharge the men who were at work in the construction of the sewer, and the master is liable for the injuries received by workmen through the negligence of a superintendent under whose absolute control he places them. If a master employs inexperienced workmen, and directs them to act under a superintendent, and to obey the orders of him whom he puts in his place, they are not engaged in a common work with the superintendent, and the master is liable for the superintendent's negligence. And this is eminently the case with corporations which can only act through agents, general and special. Wharton on Neg. § 235, p. 222, § 241, p. 229. Thompson on Neg. 1028, and cases cited. *Railroad Company* v. *Fort*, 17 Wall. 553.

The act of him, who had charge of the construction of the trench and sewer, must for all practical purposes be regarded as the act of the corporation itself. Thompson on Neg. 1031.

Corporations act by agents, and are bound by their acts. *Frazer* v. *Penn. R. R. Co.* 38 Penn. 104: *Adesco Oil Co.* v. *Gilson*, 63 Penn. 146, 150; *Cumberland R. R.* v. *Hogan*, 45 Md. 229; *Patterson* v. *Pittsburg R. R.* 78 Pa. 389; *Brickner* v. *N. Y. R. R. Co.* 49 N. Y. 672.

When the employer leaves everything in the hands of a middle man, reserving to himself no discretion, then the middle man's negligence is the employer's negligence, for which the latter is liable, and this rule holds, although such superintendent was engaged at the same work with the servant injured. Whar. on Neg. § 229. *Mullan* v. *Philada. R. R. Co.* 78 Pa. St. 25; *Gormley* v. *Vulcan Iron Works Co.* 61 Mo. 492; *Spelman* v. *Fisher Iron Co.* 56 Barb. 151; *Kansas Pacf.* v. *Little*, 19 Ka. 227; *Malone* v. *Hathaway*, 64 N. Y. 5.

In the case of the *Chicago R. R.* v. *Byfield*, 37 Mich. 213, the court, by COOLEY, C. J., says: "But we also think that when the superior servant, by means of the authority which he exercises by delegation of the master, wrongfully exposes the inferior servant to risk and injury, the master must respond."

"It is only when the risk properly pertains to the business, and is incident to it, that the master is excused from responsibility." See *Ashworth* v. *Stanwix*, 3 El. and El. 706; *Mayhew* v. *Sullivan Mining Co.* 76 Maine, 109; *Slater* v. *Jewett*, 5 Am. and Eng. R. R. Cas. 527; *Malone* v. *Hathaway*, 64 N. Y. 5; *Little Miami Railway Company* v. *Stevens*, 20 Ohio, 415; *Railway Company* v. *Keary*, 3 Ohio St. 201; *Louisville and Nashville Railroad Company* v. *Collins*, 2 Duvall, 114; *Chicago and Milwaukee Railroad* v. *Ross*, 112 U. S. 390.

*Joseph W. Symonds*, city solicitor, for the defendant, cited: *Farwell* v. *Boston & Worcester R. R. Co.* 4 Met. 49; *Hayes* v. *Western R. R. Co.* 3 Cush. 272; *Albro* v. *Agawam Canal Co.* 6 Cush. 75; *King* v. *Boston & Worcester R. R. Co.* 9 Cush. 112; *Gilman* v. *Eastern R. R.* 10 Allen, 236; *Hodgkins* v. *Eastern R. R.* 119 Mass. 419; *O'Connor* v. *Roberts*, 120 Mass. 227; *Holden* v. *Fitchburg*, R. R. 129 Mass. 268; *Floyd* v. *Sugden*, 134 Mass. 563; *Johnson* v. *Boston Tow Boat Co.* 135 Mass. 259; *Beaulieu* v. *Portland Co.* 48 Maine, 291; *Eaton* v.

*E. & N. A. R. R. Co.* 59 Maine, 520; *Lawler* v. *Androscoggin R. R. Co.* 62 Maine, 463; *Shanny* v. *Androscoggin Mills,* 66 Maine, 420; *Blake* v. *Maine Central R. R. Co.* 70 Maine, 60; *Holmes* v. *Halde,* 74 Maine, 29; *Mayhew* v. *Sullivan Mining Co.* 76 Maine, 109; *Doughty* v. *Penobscot Log Driving Co.* 76 Maine, 143; *Cassidy* v. *Maine Central R. R. Co.* 76 Maine, 488.

WALTON, J.  ·Earth fell upon one of the laborers engaged in constructing a sewer in the city of Portland and injured him so that he died soon after; and the question is whether, assuming that the injury was caused by the carelessness of the one who had the oversight and direction of the work, the city is liable for it.  We think it is not.

It is settled law in this state that an employer is not responsible to an employee for an injury received through the carelessness of a fellow laborer; and it is equally well settled that the foreman, superintendent, or overseer of a job of work, is not on that account to be regarded as other than a fellow laborer with those who are at work under him.  Such an employment does not elevate him to the dignity of a vice-principal.  And these questions have been so fully and so recently discussed by this court that a further discussion of them can not be profitable.  See *Doughty* v. *Log Driving Co.* 76 Maine, 143, and *Cassidy* v. *Railroad,* 76 Maine, 488, and cases there cited.

*Plaintiff nonsuit.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.